UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTEZ SHADWICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-720 (CEJ) |
| ) | |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of petitioner Martez Shadwick to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e). On June 1, 2010, the Court denied the petition of Martez Shadwick for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

"Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. The habeas context is no exception to the prohibition on using a Rule 59(e) motion to raise new arguments that could have and should have been made before the court entered final judgment. See, e.g., Bannister v. Armontrout, 4 F.3d 1434, 1440 (8th Cir. 1993). The Rule "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in

extraordinary circumstances." Dale & Selby Superette & Deli v. United States Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Petitioner first asserts that, had the state courts properly disregarded conflicting identification testimony, the remaining evidence would have been insufficient to support his conviction. This argument has already been presented and rejected and will not be reconsidered. Petitioner next asserts that he has recently obtained a copy of a surveillance tape that may include evidence relevant to the crime and asks the Court to provide funds for experts to enhance the tape. Petitioner's speculation regarding the contents of the videotape is insufficient to support the relief he requests.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter or amend judgment [Doc. # 16] is **denied**.

**IT IS FURTHER ORDERED** that petitioner's request for discovery [Doc. # 17] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2010.